```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
────────────────────────────────

Vidal Hernandez,
               Plaintiff,

      - against -

Pat Bettino et al,
              Defendants.

11 Civ. 4235 (JGK)
11 Civ. 4238 (JGK)

MEMORANDUM OPINION AND ORDER

────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Vidal Hernandez, has filed an amended complaint against Pat Bettino, Boris Kurayev (incorrectly named as "Boris Kurayku"), Elaine Schweniger, and Biniamin Malki (collectively, the "Individual Defendants"). The gist of the Amended Complaint is that each of the Individual Defendants made defamatory comments about the plaintiff in the course of the plaintiff's termination or the investigation leading to his termination. The defendants have moved to dismiss the Amended Complaint on various grounds.

    On its face, the Amended Complaint fails to list any basis for federal jurisdiction. The plaintiff failed to check the box for either diversity of citizenship or federal question jurisdiction on the form for the Amended Complaint. There is reason to question whether any basis for federal jurisdiction exists. While there was a basis for federal jurisdiction at the time the original complaints were filed, those complaints were dismissed with leave to replead. The current Amended Complaint

contains no asserted basis for federal jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), the Court would decline to exercise supplemental jurisdiction at this preliminary stage of the proceedings simply because an earlier complaint had asserted federal claims that are no longer in the case.  See Montalbano v. Port Auth. of N.Y. & N.J., 843 F. Supp. 2d 473, 485-86 (S.D.N.Y. 2012).

There is also reason to question whether there is any basis for federal jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332.  There is no reason to believe that complete diversity of citizenship exists between the plaintiff and the four individual defendants.  To the extent that the plaintiff is attempting to assert any claims for discrimination, there is no individual liability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  See Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004).  Thus, the complaint does not raise a federal question.

In any event, the Amended Complaint must be dismissed without prejudice for failure to allege subject matter jurisdiction.  The plaintiff may file a second amended complaint within fourteen (14) days alleging any basis for federal jurisdiction.  The plaintiff should also be aware, however, that, to the extent he is alleging claims for defamation, the statute of limitations for such claims in New York is one year.

2

N.Y. C.P.L.R. 215 (McKinney 2006). The plaintiff alleges in his Amended Complaint that the events that gave rise to the claims occurred on March 5, 2010, which means that all of these claims would have been time-barred at the time he filed his original complaints in these actions on June 1, 2011.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the defendants' Motion to Dismiss is **granted**. The Amended Complaint is therefore **dismissed without prejudice**. **The plaintiff may file a second amended complaint within 14 days. If no such complaint is filed, these cases will be closed. The Clerk is directed to close Docket No. 46 in 11 Civ. 4235 and Docket No. 30 in 11 Civ. 4238.**

SO ORDERED.
Dated:   New York, New York
         January 24, 2013

                                    _____
                                           John G. Koeltl
                                    United States District Judge