```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------

VIDAL HERNANDEZ,

              Plaintiff,         11 Civ. 4235 (JGK)

      - against -               MEMORANDUM OPINION
                                               AND ORDER

PAT BETTINO, ET AL.,

              Defendants.

--------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Vidal Hernandez, has filed a Second Amended Complaint against Pat Bettino, Boris Kurayev (incorrectly named as "Boris Kurayku"), Elaine Schweninger, and Biniamin Malki (collectively, the "defendants"). The gist of the Second Amended Complaint is that each of the defendants made defamatory comments about the plaintiff in the course of the plaintiff's termination or in the arbitration that followed. The defendants have moved to dismiss the Second Amended Complaint on various grounds.

    The Court has dismissed previous complaints by the plaintiff for various reasons. Most recently, the Court dismissed the Amended Complaint--which raised substantially similar allegations--in particular because the plaintiff had failed to allege any basis for subject-matter jurisdiction. The Court also noted that the plaintiff's allegations were likely barred by the New York statute of limitations for defamation.

See Hernandez v. Bettino, Nos. 11 Civ. 4235 & 11 Civ. 4238, 2013 WL 285585, at *1 (S.D.N.Y. Jan. 24, 2013).

The plaintiff thereafter filed the Second Amended Complaint, in which the plaintiff 0checked the box indicating that he relies on federal question jurisdiction as the basis for this action. See 28 U.S.C. § 1331. However, the plaintiff has asserted no colorable basis for federal question jurisdiction. The only claim that the plaintiff has made against the defendants is that they made allegedly defamatory comments about him. The plaintiff alleges solely a state law claim, and there is no colorable basis for federal jurisdiction. Therefore, the Second Amended Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. See Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000).

Because the Court is without subject-matter jurisdiction, it is unnecessary to reach the additional grounds asserted by the defendants for dismissal of the Second Amended Complaint. Because the plaintiff has had an opportunity to assert any colorable basis for federal jurisdiction and has failed to do so, the Second Amended Complaint is dismissed without prejudice but without leave to replead. See L-7 Designs, Inc. v. Old Navy, LLC, No. 09 Civ. 1432, 2010 WL 532160, at *3 (S.D.N.Y. Feb. 16, 2010) (denying leave to replead when plaintiff had

already filed an amended complaint and new amendment would not alter the court's opinion).  The plaintiff may pursue in state court any state law claims that he may have.

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the Second Amended Complaint is **dismissed** without prejudice but without leave to replead.  The Clerk is directed to enter judgment and to close this case and all pending motions.

**SO ORDERED.**

**Dated:    New York, New York
           May 29, 2013**                    __/s/_____
                                             **John G. Koeltl
                                             United States District Judge**